# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, as subrogee of JUDITH BLOCK<br><br>Plaintiff,<br><br>v.<br><br>ANDRE JELKS and 1430 LAKE SHORE DRIVE BUILDING CORPORATION<br><br>Defendants. | File No.: 1:24-cv-11767<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AT LAW

NOW COMES Plaintiff, Great Northern Insurance Company, as subrogee of Judith Block, by and through its attorneys, Alex L. Ottenheimer of Cozen O'Connor, and for its Complaint against the Defendant Andre Jelks and Defendant 1430 Lake Shore Drive Building Corporation, states as follows:

## PARTIES

1. Plaintiff, Great Northern Insurance Company ("Great Northern"), is an Indiana corporation with its principal place of business located at 202B Halls Mill Rd., Whitehouse Station, NJ 08889.

2. At all times relevant, Great Northern was authorized to issue insurance policies in the State of Illinois.

3. At all times relevant, Judith Block owned and resided in an apartment on the property located at 1430 N Lake Shore Drive, Chicago, Illinois 60610 (the "Subject Residence").

4. On June 26, 2024, Judith Block passed away.

5. Defendant, 1430 Lake Shore Drive Building Corporation ("1430 Lake Shore"), is an Illinois corporation with its principal place of business located at 1430 N Lake Shore Drive, Chicago, Illinois 60610.

6. At all times relevant, 1430 Lake Shore was in the business of operating a luxury residential apartment complex ("Apartment Complex") in Chicago, Illinois.

7. Defendant, Andre Jelks, is an individual who resides at 7914 S. Kimbark Ave., Chicago, Illinois 60619.

8. At all times relevant, Defendant Andre Jelks was employed by 1430 Lake Shore as a doorman at Apartment Complex.

## JURISDICTION AND VENUE

9. Jurisdiction is proper pursuant to 28 U.S.C. §1332 in that Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Plaintiff Great Northern is an Indiana domiciled corporation with a principal place of business at 202B Hall's Mill Rd., Whitehouse Station, NJ 08889.

11. Defendant 1430 Lake Shore is an Illinois corporation with a principal place of business at 1430 N Lake Shore Drive, Chicago, Illinois 60610.

12. Defendant Andre Jelks is a citizen of Illinois and currently resides at 7914 S. Kimbark Ave., Chicago, Illinois 60619.

13. Venue in this Judicial District is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

## FACTS

14. At all times relevant, Andre Jelks was hired and retained by 1430 Lake Shore as a doorman for the Apartment Complex.

15. On March 14, 2012 Andre Jelks' Permanent Employee Registration with the Illinois Department of Financial and Professional Regulation ("IDFPR") was revoked.

16. Andre Jelks has been arrested on at least three separate occasions between 1995 and 2002.

17. At the time Andre Jelks was hired by 1430 Lake Shore, his arrest record included, but may not have been limited to, an arrest for criminal damage to property, an arrest for criminal possession of a firearm in the first degree, and an arrest for unlawful use of a weapon.

18. 1430 Lake Shore hired and retained Andre Jelks as a doorman despite his expired registration and arrest record.

19. At all times relevant, Judith Block was a resident of Apartment Complex.

20. At all times relevant, Judith Block owned several pieces of expensive jewelry that were insured by Great Northern ("Insured Jewelry").

21. Between December 2019 and September 2020, Ms. Block's cash and several pieces of Insured Jewelry were stolen from the Subject Residence.

22. These thefts were committed by 1430 Lake Shore's employee, Andre Jelks.

23. On multiple occasions between December 2019 and September 2020, while Ms. Block was out of the Subject Residence, surveillance footage captured Andre Jelks inside the Subject Residence without Ms. Block's permission stealing cash and the Insured Jewelry.

24. On or about May 2020, one of Ms. Block's watches was discovered to have been pawned under Andre Jelks' name.

25. Great Northern issued a policy of insurance to Judith Block covering, among other things, jewelry and personal property, policy number 1004969702, that was in effect at the time of the thefts. (the "Subject Policy"). A true and accurate copy of the Subject Policy is not attached hereto due to its size but will be made available upon request.

26. As a result of the theft, Ms. Block suffered significant personal property damage for which she made a claim the Subject Policy.

27. As a result, Great Northern paid $713,899.79 on the claim on behalf of Ms. Block.

28. By virtue of its payments made to and on behalf of Ms. Block, and in accordance with the terms and conditions of the insurance policy, Great Northern is legally and/or equitably subrogated to Ms. Block's recovery rights against the Defendant.

## COUNT I – CONVERSION
## (ANDRE JELKS)

29. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 – 28 above as if fully set forth herein.

30. At all times relevant, Ms. Block had the unconditional right to own and immediately possess the Insured Jewelry that went missing from her apartment between December 2019 and September 2020.

31. Andre Jelks wrongfully assumed control over the Insured Jewelry when he removed several pieces from Ms. Block's apartment without her consent or knowledge between December 2019 and September 2020.

32. Andre Jelks wrongfully asserted ownership over some pieces of the Insured Jewelry when he transferred possession of it to a pawn shop for sale, purporting to be the rightful owner.

33. Andre Jelks wrongfully denied Ms. Block's rights to own and immediately possess the Insured Jewelry by retaining some pieces despite his awareness of Ms. Block's rights to the property.

34. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Ms. Block sustained substantial damages.

35. As a result, Great Northern paid $713,899.79 on the claim to and on behalf of Ms. Block.

36. By virtue of its payments made to and on behalf of Ms. Block, and in accordance with the terms and conditions of her insurance policy, Great Northern is legally and/or equitably subrogated to Ms. Block's recovery rights against Andre Jelks.

WHEREFORE, Plaintiff, Great Northern Insurance Company, as subrogee of Judith Block, respectfully request judgment be entered in its favor and against Defendant Andre Jelks, for damages in the amount of $713,899.79, and any further relief this Court deems equitable and just.

### COUNT II – CONVERSION – *RESPONDEAT SUPERIOR* (1430 LAKE SHORE)

37. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 – 36 above as if fully set forth herein.

38. At all relevant times, 1430 Lake Shore employed Andre Jelks as a doorman in Apartment Complex.

39. Pursuant to his employment, Andre Jelks was subject to the control of 1430 Lake Shore in the performance of his duties as a doorman at Apartment Complex.

40. Namely, 1430 Lake Shore was able to control both how Andre Jelks' performed his duties as a doorman at Apartment Complex and the scope of those duties.

41. Andre Jelks was acting within the scope of his employment when he removed the Insured Jewelry from the Subject Residence in one or more of the following ways:

    a) Andre Jelks was on duty at the time of the theft;

    b) Andre Jelks was in uniform at the time of the theft;

    c) The theft occurred within Apartment Complex, which is operated by 1430 Lake Shore, and Apartment Complex is Andre Jelks' workplace pursuant to his position as a doorman;

    d) Andre Jelks was only able to enter Ms. Block's apartment because of the access granted to him by 1430 Lake Shore pursuant to his position as a doorman;

    e) Andre Jelks only had knowledge of Ms. Block's presence in the Subject Residence, or lack thereof, at the time of the theft pursuant to his position as a doorman for 1430 Lake Shore.

42. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Ms. Block sustained substantial damages.

43. As a result, Great Northern paid $713,899.79 on the claim to and on behalf of Ms. Block.

44. By virtue of its payments made to and on behalf of Ms. Block, and in accordance with the terms and conditions of her insurance policy, Great Northern is legally and/or equitably subrogated to Ms. Block's recovery rights against Andre Jelks.

WHEREFORE, Plaintiff, Great Northern Insurance Company, as subrogee of Judith Block, respectfully request judgment be entered in its favor and against Defendant Andre Jelks, for damages in the amount of $713,899.79, and any further relief this Court deems equitable and just.

## COUNT III – NEGLIGENT HIRING AND RETENTION
## (1430 LAKE SHORE)

45. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 – 44 above as if fully set forth herein.

46. At all relevant times, 1430 Lake Shore employed and retained Andre Jelks as a doorman in Apartment Complex.

47. In managing and operating Apartment Complex, 1430 Lake Shore had a duty to avoid hiring and retaining employees who it knew, or should have known, could create a risk of harm to third persons because of a particular unfitness for the position.

48. 1430 Lake Shore breached this duty by hiring and retaining Andre Jelks as a doorman, a position of trust that granted him access to the Subject Residence, in one or more of the following ways:

    a) Hiring Andre Jelks without conducting a background check;

    b) Hiring Andre Jelks despite knowing that he was previously arrested on unlawful firearm possession and property damage charges;

    c) Hiring Andre Jelks despite knowing that his Permanent Employee Registration with the IDFPR had been revoked;

    d) Carelessly, negligently, and improperly supervising Andre Jelks after he was hired as a doorman;

    e) Was otherwise careless and negligent.

49. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Ms. Block sustained substantial damages.

50. As a result, Great Northern paid $713,899.79 on the claim to and on behalf of Ms. Block.

LEGAL\73598322\1

51. By virtue of its payments made to and on behalf of Ms. Block, and in accordance with the terms and conditions of her insurance policy, Great Northern is legally and/or equitably subrogated to Ms. Block's recovery rights against 1430 Lake Shore.

WHEREFORE, Plaintiff, Great Northern Insurance Company, as subrogee of Judith Block, respectfully request judgment be entered in its favor and against Defendant 1430 Lake Shore Drive Building Corporation, for damages in the amount of $713,899.79, and any further relief this Court deems equitable and just.

## JURY DEMAND

Great Northern Insurance Company demands trial by jury of all issues triable of right by a jury.

Date: November 15, 2024

Respectfully submitted:

**Cozen O'Connor**

BY: _____
Alex L. Ottenheimer

Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, Illinois, 60606
(312) 382-3141
AOttenheimer@cozen.com
ARDC # 6321244

LEGAL\73598322\1